After Recording Return To:
Rushmore Loan Management Services LLC
ATTN: Collateral Dept.
8616 Freeport Parkway, Suite 100
Irving, TX 75063

This Document Prepared By:
Rushmore Loan Management Services LLC
8616 Freeport Parkway, Suite 100
Irving, TX 75063

Parcel ID Number: 514200108003000060030010000

Original Loan Note Amount: $171,000.00
Current UPB: $157,376.69
New Money: $136,644.13
New UPB: $294,020.82
Section: 108.3, Block: 6, Lot: 3.1

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: August 05, 2003                                    Loan No        2763

# LOAN MODIFICATION AGREEMENT
(Providing For Fixed Interest Rate)

This property is or will be improved by a one or two family dwelling only.

This Loan Modification Agreement ("Agreement"), made this 28th day of July, 2023, between **FRANCIS KAVANAH**, whose mailing address is **603 HUCKLEBERRY TURNPIKE, MARLBORO, NY 12542** ("Borrower") and **Rushmore Loan Management Services LLC**, whose address is **8616 Freeport Parkway, Suite 100, Irving, TX 75063** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated **July 07, 2003** and recorded in Book/Liber **M 5881**, Page **185**, Instrument No: **2003-00022677** and recorded on **August 05, 2003**, of the Official Records of **ULSTER County, NY** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**603 HUCKLEBERRY TURNPIKE, MARLBORO, NY 12542,**
(Property Address)

the real property described being set forth as follows:

See Exhibit "A" attached hereto and made a part hereof;



LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
2701 8300a 08/14



Form 3179 1/01 (rev. 4/14)
(page 1 of 5)

the Chain of Title described being set forth as follows:

See Exhibit "B" attached hereto and made a part hereof;

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **August 1, 2023**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$294,020.82**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **5.000%**, from **August 1, 2023**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,636.64**, beginning on the **1st day of September, 2023**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **5.000%** will remain in effect until principal and interest are paid in full. If on **April 1, 2051** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument


LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
2701 8300a 08/14


Form 3179 1/01 (rev. 4/14)
(page 2 of 5)

shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

6. This Agreement modifies an obligation secured by an existing security instrument recorded in ULSTER County, NY, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing




LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
2701 8300a 08/14

Form 3179 1/01 (rev. 4/14)
(page 3 of 5)

security instrument is $157,376.69. The principal balance secured by the existing security instrument as a result of this Agreement is $294,020.82, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_____    Date: 8/11/23
FRANCIS KAVANAH -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of New York

County of Dutchess

On the 11th day of August in the year 2023, before me, the undersigned, a Notary Public in and for said State, personally appeared **FRANCIS KAVANAH**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Signature

Notary Public _____ Office

Elke R. Wentzel
Notary Public, State of New York
No. 01WE5028303
Qualified in Ulster County
Commission Expires May 31, 2026



LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
2701 8300a 08/14



Form 3179 1/01 (rev. 4/14)
(page 4 of 5)

Rushmore Loan Management Services LLC

By: _____(Seal) - Lender
Name: _____Tim Lightfoot_____
Title: _____Sr. Vice President_____

AUG 2 9 2023
_____Date of Lender's Signature

_____[Space Below This Line For Acknowledgments]_____

STATE OF _____TEXAS_____ )

COUNTY OF _____DALLAS_____ ) SS.:

On the _____ day of AUG 2 9 2023 in the year _____, before me, the undersigned, personally appeared _____Tim Lightfoot_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.



_____
(Signature and office of individual taking acknowledgment.)

```
KIRK P. DUNAR
Notary Public, State of Texas
Comm. Expires 07-24-2024
Notary ID 132586352
```



LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument
2701 8300a 08/14



Form 3179 1/01 (rev. 4/14)
(page 5 of 5)

# Exhibit "A"

Loan Number: 2763

Property Address: 603 HUCKLEBERRY TURNPIKE, MARLBORO, NY 12542

Legal Description:

ALL THAT TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE TOWN OF PLATTEKILL, COUNTY OF ULSTER AND STATE OF NEW YORK. BEING BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE CENTER LINE OF HUCKLEBERRY TURNPIKE, SAID POINT LOCATED 11.30 FEET ON A COURSE OF NORTH 73 DEGREES 27' 18" WEST FROM A FOUND IRON PIPE ON THE EASTERLY LINE OF SAID ROAD, SAID POINT ALSO DESCRIBED AS THE TERMINUS OF THE FIRST COURSE IN A DEED OF LANDS OF MORDAN WITH KIRSCHNER AS EXECUTOR TO HALLOCK (LIBER 1436 CP 152): THENCE ALONG THE CENTER OF THE ROAD THE FOLLOWING FOUR COURSES: NORTH 10 DEGREES 47' 02" EAST 67.78 FEET; NORTH 09 DEGREES 48' 16" EAST 74.52 FEET; NORTH 14 DEGREES 41' 56" EAST 63.76 FEET AND NORTH 16 DEGREES 00' 47" EAST 112.99 FEET TO A POINT; THENCE ALONG LANDS NOW OR FORMERLY OF SILVESTRI. SOUTH 60 DEGREES 53' EAST 174.53 FEET TO A POINT ON A ROCK; THENCE ALONG THE LANDS NOW OR FORMERLY OF MILGRAM, SOUTH 25 DEGREES 52' WEST 279.50 FEET TO A POINT; THENCE ALONG A NORTHERLY LINE OF THE AFOREMENTIONED HALLOCK, NORTH 73 DEGREES 27' 18" WEST AND PASSING OVER AN IRON PIPE AT 114.64 FEET A TOTAL DISTANCE OF 125.94 FEET TO A POINT ON THE CENTER LINE OF HUCKLEBERRY TURNPIKE AND THE POINT OR PLACE OF BEGINNING. SECTION: 108.3   BLOCK: 6 LOT: 3.1.



2701 12338 06/18  Exhibit A Legal Description Attachment



*108197+36*
Page 1 of 1

# Exhibit "B"

Loan Number           763
Property Address: 603 HUCKLEBERRY TURNPIKE, MARLBORO, NY 12542
Chain of Title: ORIGINAL RECORDED MORTGAGE DATED 07/07/2003 AND RECORDED ON 08/05/2003 IN BOOK M 5881 PAGE 185 WITH INSTRUMENT NO. 2003-00022677 WITH LOAN AMOUNT $171000.00. FROM FRANCIS KAVANAH TO HSBC MORTGAGE CORPORATION (USA). ASSIGNMENT OF MORTGAGE DATED 10/19/2011 FROM HSBC MORTGAGE CORPORATION (USA) TO HSBC BANK USA, .N.A, RECORDED ON 10/24/2011 IN BOOK M 9808, PAGE 214 WITH INSTRUMENT NO. 2011-00014216. ASSIGNMENT OF MORTGAGE DATED 01/20/2017 FROM HSBC BANK USA, .N.A TO NATIONSTAR MORTGAGE LLC, RECORDED ON 02/09/2017 IN BOOK M 11240, PAGE 136 WITH INSTRUMENT NO. 2017-00002163.


2701 10026 - Exhibit B - 10/14

Page 1 of 1


*108197+36*

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

| | | |
|---|---|---|
| Loan Number: | '2763 | Date: **July 28, 2023** |
| Borrower(s): | **FRANCIS KAVANAH** | |
| Property Address: | 603 HUCKLEBERRY TURNPIKE, MARLBORO, NY 12542 | |
| Lender: | Rushmore Loan Management Services LLC | |

In consideration of **Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____    Date: 8/11/23
**FRANCIS KAVANAH** -Borrower





Errors and Omissions/Compliance Agreement

## AFFIDAVIT UNDER SECTION 255 OF THE NEW YORK STATE LAW
(Modification Agreement)

State of ~~NEW YORK~~ TEXAS
County of ~~ULSTER~~ DALLAS

I, __Tim Lightfoot__, being duly sworn, deposes and says:

1. That he/she is the agent for the owner and holder of the hereinafter described mortgage, and is familiar with the facts set forth herein.

2. That a certain mortgage (the "Mortgage") bearing the date of July 07, 2003, in the principal amount of ONE HUNDRED SEVENTY ONE THOUSAND AND NO/100 ($171,000.00) was made by FRANCIS KAVANAH as Mortgagor to HSBC MORTGAGE CORPORATION (USA) as original Mortgagee, recorded on August 5, 2003, in Book/Liber M 5881, Page 185, Instrument No: 2003-00022677, in the ULSTER County Clerk's Office, upon which the mortgage tax in the amount of $1,282.50 was duly paid thereon.

3. That the instrument offered for recording herewith is a Modification of the Mortgage (the "Agreement") made by FRANCIS KAVANAH to Rushmore Loan Management Services LLC effective August 1, 2023, and to be recorded in the ULSTER County Clerk's Office.

4. That the Agreement offered for recording modifies and does not create or secure any new or further lien, indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded mortgage hereinabove first described with the exception of the following amount:

   a) Original Principal Amount          $171,000.00
   b) Current Unpaid Principal Balance   $157,376.69
   c) New Money                          $136,644.13
   d) New Unpaid Principal Balance       $294,020.82

5. That there have been no re-loans or re-advances on the Mortgage.

6. That additional mortgage recording tax of $1,024.50 is being paid on the Agreement on the sum set forth in 4c.

7. That Exemption from further tax is CLAIMED under Section 255 of the Tax Law.

8. That the chain of title for the Mortgage is: ORIGINAL RECORDED MORTGAGE DATED 07/07/2003 AND RECORDED ON 08/05/2003 IN BOOK M 5881 PAGE 185 WITH INSTRUMENT NO. 2003-00022677 WITH LOAN AMOUNT $171000.00. FROM FRANCIS KAVANAH TO HSBC MORTGAGE CORPORATION (USA). ASSIGNMENT OF MORTGAGE DATED 10/19/2011 FROM HSBC MORTGAGE CORPORATION (USA) TO HSBC BANK USA, .N.A, RECORDED ON 10/24/2011 IN BOOK M 9808, PAGE 214 WITH INSTRUMENT NO. 2011-00014216. ASSIGNMENT OF MORTGAGE DATED 01/20/2017 FROM HSBC BANK USA, .N.A TO NATIONSTAR MORTGAGE LLC, RECORDED ON 02/09/2017 IN BOOK M 11240, PAGE 136 WITH INSTRUMENT NO. 2017-00002163.

9. That the Legal Description for the property is: ALL THAT TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE TOWN OF PLATTEKILL, COUNTY OF ULSTER AND STATE OF NEW YORK. BEING BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE CENTER LINE OF HUCKLEBERRY TURNPIKE, SAID POINT LOCATED 11.30 FEET ON A COURSE OF NORTH 73 DEGREES 27' 18" WEST FROM A FOUND IRON PIPE ON THE EASTERLY LINE OF SAID ROAD, SAID POINT ALSO DESCRIBED AS THE TERMINUS OF THE FIRST COURSE IN A DEED OF LANDS OF MORDAN WITH KIRSCHNER AS EXECUTOR TO HALLOCK (LIBER 1436 CP 152): THENCE ALONG THE CENTER OF THE ROAD THE FOLLOWING FOUR COURSES: NORTH 10 DEGREES 47' 02" EAST 67.78 FEET; NORTH 09 DEGREES 48' 16" EAST 74.52 FEET; NORTH 14 DEGREES 41' 56" EAST 63.76 FEET AND NORTH 16 DEGREES 00' 47" EAST 112.99 FEET TO A POINT; THENCE ALONG LANDS NOW OR FORMERLY OF SILVESTRI. SOUTH 60 DEGREES 53' EAST 174.53 FEET TO A POINT ON A ROCK; THENCE ALONG THE LANDS NOW OR




Aff
2701 2090 12/15

Page 1 of 2

FORMERLY OF MILGRAM, SOUTH 25 DEGREES 52' WEST 279.50 FEET TO A POINT; THENCE ALONG A NORTHERLY LINE OF THE AFOREMENTIONED HALLOCK, NORTH 73 DEGREES 27' 18" WEST AND PASSING OVER AN IRON PIPE AT 114.64 FEET A TOTAL DISTANCE OF 125.94 FEET TO A POINT ON THE CENTER LINE OF HUCKLEBERRY TURNPIKE AND THE POINT OR PLACE OF BEGINNING. SECTION: 108.3  BLOCK: 6 LOT: 3.1.

Rushmore Loan Management Services LLC

Name: Tim Lightfoot
Title: Sr. Vice President
Sworn to before me this _____ day of _____ AUG 2 9 2023, 20____.

Notary Public, State of _____ TEXAS
My Commission Expires: 2 4 JUL 2024



KIRK P. DUNAR
Notary Public, State of Texas
Comm. Expires 07-24-2024
Notary ID 132586352



Affidavit Under Section 255 of the New York State Law
2701 2090 12/15



Page 2 of 2