UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re:

Francis W. Kavanah III  AKA Francis Kavanah

        Debtor.

_____

**NOTICE OF MOTION FOR**
**TERMINATION OF AUTOMATIC STAY**

Case No.: 22-35467-cgm
(Chapter 13)

Assigned to:
Hon. Cecelia G. Morris
Bankruptcy Judge

    Please take notice that Rushmore Servicing as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, a secured creditor of Debtor, by the undersigned attorneys, will move this Court on April 2, 2024, 2024 at 9:00 AM or as soon thereafter as counsel can be heard, at www.ZoomGov.com for an Order pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C §1322(b)(5) terminating the automatic stay as to movant's interest in real property commonly known as 603 Huckleberry Turnpike, Marlboro, NY 12542 and for such other relief as the Court may deem proper.

    In the event that this motion is scheduled to be heard beyond the time-period set forth in 11 U.S.C. Section 362(e) or is subsequently adjourned beyond said time period, Secured Creditor hereby waives its rights under 11 U.S.C. Section 362(e) and agrees to be bound by the Order of the Court on the instant Motion.

DATED:    February 29, 2024
                Williamsville, New York

                              Yours,

By:    /s/ Ehret Van Horn
Ehret Anne Van Horn, Esq.
GROSS POLOWY LLC
Attorneys for Secured Creditor
Rushmore Servicing as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716) 204-1700

TO:

| | |
|---|---|
| Francis W. Kavanah III  AKA Francis Kavanah<br>603 Huckleberry Turnpike<br>Marlboro, NY 12542 | Debtor |
| Michael A. Fakhoury, Esq<br>725 Route 9<br>Suite 4<br>Fishkill, NY 12524 | Attorney for Debtor |
| Thomas C. Frost<br>Chapter 13 Standing Trustee<br>399 Knollwood Road<br>Suite 102<br>White Plains, NY 10603 | Chapter 13 Trustee |
| United States Trustee<br>Office of the United States Trustee<br>11A Clinton Ave.<br>Room 620<br>Albany, NY 12207 | U.S. Trustee |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In Re:

Francis W. Kavanah III  AKA Francis Kavanah
        Debtor.

_____

**AFFIRMATION**

Case No.: 22-35467-cgm
(Chapter 13)

Assigned to:
Hon Cecelia G. Morris
Bankruptcy Judge

      I, Ehret Anne Van Horn, Esq. am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Southern District of New York and hereby state as follows:

      1.    I submit the within Affirmation under penalty of perjury in support of the motion of Rushmore Servicing as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("Secured Creditor"), a Secured Creditor of the above-referenced Debtor, to terminate the automatic stay in this case with respect to the real property commonly known as 603 Huckleberry Turnpike, Marlboro, NY 12542.

      2.    Secured Creditor is the holder of a note executed by Francis Kavanah on or about the 7th day of July, 2003 in the principal amount of $171,000.00 and interest (the "Note"), secured by a mortgage bearing even date therewith, which is recorded in the Office of the Ulster County Clerk on the 5th day of August, 2003 in Liber 5881 of Mortgages at Page 185 (the "Mortgage") covering the premises commonly known as 603 Huckleberry Turnpike, Marlboro, NY 12542 (the "Mortgaged Premises"). A copy of the Note, Mortgage, Loan Modification and Assignments of Mortgage, is annexed hereto as **Exhibit 'A'**.

      3.    On the 28th day of July, 2022 Debtor Francis W. Kavanah III  AKA Francis Kavanah filed a Petition under Chapter 13 of Title 11 U.S.C. §101 <u>et seq</u> with this Court, and an Order for relief was duly entered.

      4.    The Note and Mortgage provide that the Debtor will be in default if they do not make full monthly payments on each due date. As of February 12, 2024, the Debtor is due for 3 payments in the amount of $2,369.93 each for the months of December 1, 2023 to February 1, 2024 and has not cured said default.

Furthermore, 1 payment due on March 1, 2023 will be due at the date this motion is heard. A Motion for Relief from Stay Worksheet is attached hereto as **Exhibit 'B'**.

5. As of the 12th day of February, 2024 there is a total indebtedness on the Note and Mortgage in the sum of $297,803.85. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make advances for property taxes, insurance and related matters.

6. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

7. Based on the Debtor's Schedules attached hereto as **Exhibit 'C'**, said real property is valued at $350,000.00.

8. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, "cause" exists to vacate the automatic stay as the Debtor has failed to make monthly post-petition mortgage payments to Secured Creditor. Under Section 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. See, In re Taylor, 151 B.R. 646 (E.D.N.Y. 1993); In re Davis, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); In re Frascatore, 33 B.R. 687 (B. Ct. E.D. Pa. 1983).

9. A Memorandum of Law is submitted herewith.

10. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'D'**.

11. In the event that this motion is scheduled to be heard beyond the time-period set forth in 11 U.S.C. Section 362(e) or is subsequently adjourned beyond said time period, Secured Creditor hereby waives its rights under 11 U.S.C. Section 362(e) and agrees to be bound by the Order of the Court on the instant Motion.

12.     A Rule 55 Affidavit is annexed hereto as **Exhibit 'E'**.

13.     No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED:    February 29, 2024
               Williamsville, New York

Yours,

By:    /s/ Ehret Van Horn
       Ehret Anne Van Horn, Esq
       GROSS POLOWY LLC
       Attorneys for Secured Creditor
       Rushmore Servicing as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT
       1775 Wehrle Drive, Suite 100
       Williamsville, NY 14221
       Telephone (716) 204-1700